IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT L. CRITES,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　No. 16-1397-JWB

THE CITY OF HAYSVILLE, KANSAS,

    Defendant.

**MEMORANDUM AND ORDER**

    This matter came before the court on June 5, 2018, for a hearing on pending motions and for a final pretrial conference. The court made several oral rulings at the hearing, which are summarized below. This order additionally sets out procedures for trial and other matters discussed with the parties at the June 5 hearing.

    1. **Scope of Plaintiff's ADA[1] claim**. Plaintiff's counsel confirmed that the ADA claim is based on the City's decision to refer Plaintiff for a fitness-for-duty ("FFD") evaluation with Dr. Nystrom. Plaintiff contends the City's decision to require that evaluation violated the ADA because it was not job-related and consistent with business necessity. Plaintiff is not asserting an independent violation of the ADA arising from the City's reliance on Dr. Nystrom's conclusion. *See* Doc. 98 at 1.

    With respect to the City's asserted justification for requiring the FFD evaluation, Plaintiff concedes the City has not waived its assertion that Plaintiff was unable to perform the essential functions of his job. *Cf.* Doc. 98 at 2;

---

[1] The parties agreed at the hearing that for purposes of trial, references to the Rehabilitation Act are unnecessary.

2. **Damages.** Plaintiff's claim for liquidated damages under the FMLA (Doc. 59 at 33) is no longer an issue in the case in view of the court's dismissal of the FMLA claim.

The court reserves its ruling concerning presentation of back pay and front pay to the jury until after completion of briefing on the motions in limine. *Cf.* Fed. R. Civ. P. 39(c) ("in an action not triable of right by a jury, the court, on motion or on its own … may try any issue with an advisory jury").

3. **Admission of Exhibits at Trial**. If the parties agree upon the admissibility of an exhibit in advance, the exhibit may be used at trial prior to formal admittance. Any such exhibits may then be formally admitted, as a group, at the conclusion of the testimony of a witness who discussed the exhibits. Any exhibit as to which no witness testified will not be admitted.

4. **Witness Disclosures and Objections**. Plaintiff will provide the City with his final list of witnesses by the end of business June 6, 2018. Any objection thereto by the City is due June 7, 2018.

5. **The City's Motion to Exclude Expert Testimony (Doc. 85.)**

A. <u>Dr. Crosby</u>. The court grants the City's motion insofar as it seeks to exclude opinion testimony from Dr. Crosby that goes beyond Crosby's treatment of Plaintiff.

Fed. R. Civ. P. 26(a)(2)(B) requires that an expert disclosure be accompanied by a written report if the witness is "one retained or specially employed to provide expert testimony in the case." "In the District of Kansas, … it has long been recognized that treating physicians are not subject to this requirement to the extent they offer opinions on matters within the scope of their treatment of an individual." *Richard v. Hinshaw*, No. 09-1278-MLB, 2013 WL 6709674, at *1 (D. Kan. Dec. 18, 2013). "Opinions within the scope of [treatment] may extend to causation of an injury, diagnosis, prognosis, and other opinions arising out of and related to the treatment." *Id*.

"When a physician's proposed testimony extends beyond facts made known during treatment and beyond opinions relating to the course of care and treatment, the witness may be subject to the requirement of a written report. For example, a treating physician who is asked to review to medical records of another provider in order to render an opinion about the propriety of that provider's care would likely be considered specially retained for trial." *Id*. (citing *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)).

Dr. Crosby's opinions about Dr. Nystrom's conclusions and methods did not arise out of or relate to Crosby's care and treatment of Plaintiff. The court finds such opinions trigger the requirement for a written report under Rule 26(a)(2)(B). No written report was provided. Under Rule 37(c)(1), if a party fails to provide information required by Rule 26(a), the party is not allowed to use that information at trial "unless the failure was substantially justified or is harmless." *See Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, *7 (D. Kan. Nov. 6, 2013) (burden is on party failing to make disclosure to show it was harmless or substantially justified). In determining whether a failure is harmless, the court considers: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

The court is not persuaded the lack of a written report from Dr. Crosby was substantially justified or harmless. A written report must include a complete statement of all opinions the witness will express and the reasons for them, as well as all facts and data considered by the witness. Haysville was not provided any of that information, and it went into Dr. Crosby's deposition without notice that his opinions would go beyond his treatment of Plaintiff. Haysville was entitled to such notice before it deposed the witness, both to prepare for its questioning of him and to make

3

decisions about its own witnesses. Given the late disclosure, there is no opportunity to re-open discovery or otherwise cure the lack of notice. Although there is no suggestion of bad faith by Plaintiff in failing to provide a report, the motion to exclude opinions by Dr. Crosby beyond the scope of his treatment of Plaintiff will be granted.

B. Dr. Leenay. The court will reserve ruling with respect to Dr. Leenay's testimony until after briefing is completed on the motions in limine.

6. **Plaintiff's Motion to Exclude Expert Testimony (Doc. 87.)**  Plaintiff's motion to exclude the testimony of Dr. Nystrom is denied. Plaintiff contends the testimony will not be helpful to the trier of fact. The court finds the testimony is admissible under the standards of Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action). Dr. Nystrom's testimony concerns an evaluation conducted shortly after Haysville decided to require the FFD and it may tend to support Haysville's asserted justification for the FFD. Additionally, the testimony may tend to disprove (or prove) Plaintiff's asserted damages from the allegedly wrongful referral. The court concludes the testimony may be helpful to the trier of fact on these issues.

7. **Voir Dire/ Opening Statements.** After the court's introductory remarks and questions, the parties will present their opening statements to the entire jury panel. After opening statements, the court will complete its voir dire questioning. Each party will then have 20 minutes to complete its own voir dire examination of the panel.

8. **Trial Schedule**. The court will meet with counsel on the morning of trial, June 19, 2018, at 8:30 a.m. Jury selection will begin at 9:00 a.m. The normal trial schedule will generally be from 9:00 a.m. to 12:00 p.m., and from 1-4:30, with a 15-minute recess in the morning and in the afternoon. The schedule may vary somewhat depending on presentation of witnesses. After

counsel confer with one another, any issues that need to be addressed by the court outside the hearing of the jury should be raised prior to 9:00 a.m., during a recess, or after conclusion of the day's evidence, so the jury is not kept waiting.

Based on the claims and evidence to be presented, the court anticipates the parties will complete their presentation of evidence by Thursday, June 21, 2018, and that the jury will be instructed on Friday morning, June 22, 2018.

**Conclusion**.

The court adopts the foregoing pretrial order, which shall not be modified hereafter except to prevent manifest injustice.

Defendant's Motion to Exclude Expert Testimony (Doc. 85) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. The motion is granted with respect to any opinions by Dr. Crosby beyond the scope of his treatment of Plaintiff.

Plaintiff's Motion to Exclude Expert Testimony (Doc. 87) is DENIED.

IT IS SO ORDERED this 6th day of June, 2018.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE